## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    **Plaintiff,**                **Case No. 24-1130-DDC-BGS**

         v.

$1,888.00 IN UNITED STATES
CURRENCY, et al.,

                    **Defendants,**

DAVONTE CHANEY,

                    **Claimant.**

## MEMORANDUM AND ORDER

Plaintiff has moved to dismiss this civil in rem forfeiture action.  Doc. 51.  Though plaintiff fails to cite any Federal Rule of Civil Procedure for this request, Rule 41 allows plaintiffs to dismiss their cases voluntarily.  Because claimant Davonte Chaney has filed an Answer (Doc. 44) and hasn't stipulated to the proposed dismissal, plaintiff can't dismiss the case without a court order.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).  That requirement places this case squarely in Rule 41(a)(2) territory.

"Rule 41(a)(2) requires a court to review a motion by a plaintiff to dismiss a complaint if the action has proceeded beyond service of an answer or of a motion for summary judgment, and there is not unanimous agreement among all parties supporting the dismissal."  *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1047 (10th Cir. 2002).  This rule seeks "to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative

conditions." *Id.* (quotation cleaned up). The Tenth Circuit has instructed courts considering a motion to dismiss like this one that "the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Id.* (quotation cleaned up). To evaluate the prejudice to an opposing party, district courts consider the following factors: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* (quotation cleaned up). These factors aren't exclusive to other possible considerations. *Id.* And "the district court should endeavor to insure substantial justice is accorded to both parties" and "consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* (quotation cleaned up).

Claimant Chaney hasn't opposed the government's proposed dismissal. And the time to do so has passed. *See* D. Kan. Rule 6.1(d)(1) (providing parties 21 days to respond to a motion to dismiss). As a result, the court assumes Chaney doesn't oppose the motion. *See* D. Kan. Rule 7.1(c) (permitting the court to decide the motion as uncontested where "a response is not filed by the applicable deadline"). And there's good reason to think that Chaney won't sustain prejudice from dismissal. Plaintiff represents that "regardless of whether claimant prevails in whole or in part, claimant will not receive any portion of the three defendants." Doc. 51 at 2. That's because Chaney has a pending restitution judgment against him. *Id.* So, plaintiff asserts, assuming Chaney were to receive any of the defendants, the restitution judgment "will offset any award . . . as the funds that make up the three defendants are less than the amount of claimant's restitution" obligation. *Id.* at 3. Plaintiff also represents that, following dismissal of this case, the attorneys overseeing the collection of the restitution judgment will ask the United States Marshal Service to pay the funds (defendants) at issue here toward Chaney's restitution. To put

2

it bluntly:  no matter what, the money's going toward the restitution obligation.  The court thus concludes that the most important consideration—prejudice to Chaney—favors granting plaintiff's request for dismissal.

The other factors are in accord.  Neither party has expended much effort or expense to prepare for trial.  Nor can the court find any lack of diligence on plaintiff's part.  And plaintiff has explained the need for dismissal.  Plaintiff represents that it seeks to avoid further litigation costs and worries that the cost to travel to Chaney's place of incarceration for a deposition "could surpass the amount of money to be forfeited." *Id.*  The equities facing both Chaney and plaintiff thus favor granting the request for voluntary dismissal.

The court grants plaintiff's Motion to Dismiss (Doc. 51) and dismisses this case without prejudice.  Fed. R. Civ. P. 41(a)(2).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Dismiss (Doc. 51) is granted.  This case is closed.

**IT IS SO ORDERED.**

**Dated this 15th day of April, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

3